# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

FRAZIER DANCY III,

    Plaintiff,

v.

DCN HOLDINGS, INC. D/B/A ACCOUNTS RECEIVABLE,

    Defendant.

Case No. 2:21-cv-11368

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

## COMPLAINT

**NOW COMES** FRAZIER DANCY III, by and through his undersigned counsel, complaining of Defendant DCN HOLDINGS, INC. D/B/A ACCOUNTS RECEIVABLE, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for the Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Michigan Occupational Code ("MOC"), M.C.L. § 339.901 *et seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

4. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

## PARTIES

5. FRAZIER DANCY III ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Lathrup Village, Michigan.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. DCN HOLDINGS, INC. D/B/A ACCOUNTS RECEIVABLE ("Defendant") maintains its principal place of business at 1806 33rd Street Suite 180, Orlando, Florida 32839.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of debt and (2) it regularly collects or attempts to collect debts in the state of Michigan that are owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

9. On or around February 2020, Plaintiff received medical services from Down River EMT that resulted in a $930.97 bill ("subject debt").

10. The subject debt is a "debt" as defined by 15 U.S.C. §1692a(5) because it was incurred for personal purposes.

11. Plaintiff was aware that of the debt he owed, but was experiencing financial hardship due to the global pandemic.

12. In late April 2021, Plaintiff began to receive phone calls from the Defendant to his cellular telephone number ending in -1184.

13. On April 27, 2021 the Plaintiff answered the call and was met with an unmannerly tone by the Defendant who was attempting to collect on the subject debt and demanded that they receive full payment that same day.

14. Plaintiff attempted to explain that he was not in a suitable financial position to pay the balance in full but that he has a Health Care Savings Account that may be about to cover the balance; however, he would need to reach out to his employer for confirmation.

15. Plaintiff furthered explained that it would be unlikely that his employer would confirm that same day if the funds would be acceptable form of payment.

16. The Defendant responded that it was unacceptable for the Plaintiff to pay the subject debt with his Health Care Savings Account and that he would need to contact the creditor Down River EMT to use that form of payment.

17. Furthermore, Defendant demanded that the Plaintiff provide a credit card.

18. Unfortunately, Plaintiff was unable to provide a credit card to Defendant.

19. Thereafter, Defendant threatened the Plaintiff that if he could not pay the subject debt that same day that they would obtain a judgment, for which the

Plaintiff would be responsible for paying all attorney's fees in addition to the subject debt.

20. Plaintiff became frustrated and fearful of the Defendant's empty threats and ended the call.

21. On or around April 28, 2021, Plaintiff directly contacted Down River EMT, as the Defendant advised, to resolve the subject debt.

22. Down River EMT accepted a $700 payment from the Plaintiff's Health Care Savings Account and the Plaintiff agreed to pay the remaining $230.97 balance on the subject debt the following month.

23. Despite Plaintiff speaking with the Defendant and advising him of his inability to pay the subject debt, the Defendant began to contact the Plaintiff's spouse on her cellular telephone number ending in -4837.

24. In an act of good faith, the Plaintiff contacted the Defendant the following day and informed the Defendant that he made a $700 payment towards the subject debt and had arrangements to pay the remaining $230.97 balance in May 2021.

25. Plaintiff also confronted the Defendant that there was no need to contact his spouse and that the subject debt would satisfied based on the prior arrangement with Down River EMT.

26. Defendant began to harass the Plaintiff and stated that they would continue to call because the Plaintiff owed a remaining balance of $230.97 on the subject debt and that his arrangement had no grounds because the arrangement was not made with their company.

27. Defendant demanded that the Plaintiff pay the remaining balance and if he could not they would continue to proceed with obtaining a judgment, where again, the Plaintiff would need to pay for all attorney's fees.

28. Despite the Plaintiff's inability to pay the remain balance that same day, the Defendant continued to belittle the Plaintiff stating, *"You are paying for your Can-am Spyder Motorcycles, so it doesn't stop you from paying for your toys, but you can't pay this bill? If you want to mess up your credit report for $230; that is what's going to happen. We are still going through with the case."*

29. The Plaintiff became frustrated that the Defendant continued with their harassing collection efforts and searched for counsel to aid him in this matter.

## DAMAGES

30. Defendant's abusive collection practices have severely disrupted Plaintiff's daily life and general well-being.

31. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, wasting Plaintiff's time, the increased risk of personal injury

resulting from the distraction caused by the phone calls, decreased daily productivity, aggravation that accompanies unwanted telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and functionality of his cellular phone, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his cellular phone.

32. Congress enacted the FDCPA to rein in certain "evils" associated with debt collection. *Bentrud v. Bowman, Heintz, Boscia & Vician, P.C.,* 794 F.3d 871, 874 (7th Cir. 2015). This was done because existing legal remedies were, in its judgment, "inadequate to protect consumers." 15 U.S.C. § 1692(b).

33. Concerned with having had his statutory rights under the FDCPA violated, Plaintiff sought counsel to ensure that Defendant's unlawful collection practices ceased.

34. Accordingly, Plaintiff needed to expend energy/time consulting with attorneys as a direct result of Defendant's unlawful collection practices.

## CLAIMS FOR RELIEF

### COUNT I:

**Fair Debt Collection Practices Act (15 U.S.C. §1692 *et seq.*)**

35. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### a. Violations of 15 U.S.C. §1692e

36.     Pursuant to § 1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt.

37.     Defendant violated §1692e(2) by falsely representing the character and amount of the debt.

38.     Specifically, Defendant was attempting to collect on a debt that Plaintiff was currently paying on with the Down River EMT.

39.     Furthermore, after being advised that Plaintiff does not owe the subject debt, Defendant is still attempting to collect the subject debt by contacting Plaintiff and Plaintiff's wife.

40.     Section 1692e(5) of the FDCPA prohibits a debt collector from threatening "to take any action that cannot legally be taken or that is not intended to be taken."

41.     Defendant violated §§ 1692e and e(5) by threatening to take legal action against Plaintiff that it cannot take and had no intention of taking.

42.     Specifically, Defendant does not own the subject debt and therefore does not have legal standing to take legal action to collect the subject debt. Plaintiff had a payment arrangement with the original creditor at the time Defendant was placing collection calls.

### b. Violations of FDCPA §1692d

43. Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

44. § 1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

45. Defendant violated §§ 1692d and d(5) when it placed collection calls to Plaintiff's cellular phone number in an attempt to collect the subject debt.

46. Defendant's behavior of systematically calling Plaintiff's cellular phone number in an attempt to collect the subject debt was harassing and abusive.

47. Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff.

48. The fact that Defendant knowingly placed calls to Plaintiff after Plaintiff advised Defendant that he was making payments on the subject debt is illustrative of Defendant's intent to harass and annoy Plaintiff.

**WHEREFORE,** Plaintiff FRAZIER DANCY III requests that this Honorable Court enter judgment in her favor as follows:

  a. Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;

c. Awarding Plaintiff her costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II

**Michigan Occupational Code (M.C.L. § 339.901 *et seq*.)**

**Violation(s) of M.C.L. § 339.915(n)**

49. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

50. Section 915 provides:

[a] licensee shall not commit 1 or more of the following acts:

> (n)   Using a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring or engaging a person in telephone conversation repeatedly, continuously, or at unusual times or places which are known to be inconvenient to the debtor. All communications shall be made from 8 a.m. to 9 p.m. unless the debtor expressly agrees in writing to communications at another time. All telephone communications made from 9 p.m. to 8 a.m. shall be presumed to be made at an inconvenient time in the absence of facts to the contrary.

M.C.L. § 339.915(n).

51. Defendant violated M.C.L. § 339.915(n) by placing phone calls to Plaintiff despite Plaintiff's arrangement to pay the subject debt with the original creditor.

52. Each call to Plaintiff was unwanted, disruptive, annoying and violated M.C.L. § 339.915(n).

53. Plaintiff may enforce the provisions of M.C.L. § 339.915(n) pursuant to M.C.L. § 339.916 which provides "a person who suffers injury, loss, or damage, or from whom money was collected by the use of a method, act, or practice in violation of this article or rules promulgated under this article, may bring an action for damages or other equitable relief."

**WHEREFORE**, Plaintiff FRAZIER DANCY III requests the following relief:

   a.   a finding that Defendant violated M.C.L. § 339.915(n);

   b.   an award of any actual damages or $50.00, whichever is greater;

   c.   if the court finds that the method, act, or practice was a willful violation, an award no less than three times the actual damages, or $150.00, whichever is greater;

   d.   an award of reasonable attorney's fees and court costs incurred in connection with this action; and

   e.   an award of such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: June 10, 2021                    Respectfully submitted,

**FRAZIER DANCY III,**

By: */s/ Victor T. Metroff*

Victor T. Metroff, Esq.
Mohammed O. Badwan, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd 2500
S. Highland Ave, Suite 200
Lombard, IL 60148
(630) 575-8181
vmetroff@sulaimanlaw.com
mbadwan@sulaimanlaw.com